# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

Norman V. Whiteside,

    Plaintiff,

v.

Trayce Thalheimer, *et al.*,

    Defendants.

Case No. 2:17-cv-1036

Judge Michael H. Watson

Magistrate Judge Deavers

## OPINION AND ORDER

Plaintiff, proceeding *pro se*, filed a Complaint in this case in November 2017. Compl., ECF No. 1. The case was thereafter transferred from the Western Division of this Court to the Eastern Division and assigned to the Undersigned. Magistrate Judge Deavers ordered Plaintiff to file a comprehensive Amended Complaint, Order, ECF No. 3, which Plaintiff did on January 16, 2018, Am. Compl., ECF No. 6.

Thereafter, Magistrate Judge Deavers issued an Order noting that Plaintiff had not yet presented completed summonses or service copies of his Amended Complaint to the Clerk's Office for signature and seal consistent with Federal Rule of Civil Procedure 4(b). Order, ECF No. 9. Magistrate Judge Deavers warned Plaintiff that he must submit a properly completed summons for each Defendant that he intended to serve and that he must assure Defendants are served with process within ninety days of the filing of the Amended Complaint. *Id.* She also warned Plaintiff that, if he intended for the United States Marshal

("USM") to effect service, Plaintiff must still submit a completed summons, a Marshal service form, and service copies of the Amended Complaint for each of the thirteen named Defendants. *Id.* Finally, she warned Plaintiff that the action would be dismissed without prejudice for failure to serve if Plaintiff failed to effect service within ninety days. *Id.*

In response, Plaintiff filed a document titled, "Plaintiff's Notice of Service of AO 398 and AO Forms." Notice, ECF No. 10. Plaintiff stated that he mailed, via the United States Postal Service, a "Notice of a Lawsuit and Request to Waive Service of a Summons," a "Waiver of the Service of Summons," and copies of the Amended Complaint to Defendants. *Id.* He stated that his tracking number for the mail showed that the mail was delivered. *Id.*

On April 17, 2018, Magistrate Judge Deavers issued an Order stating that service of process had not been completed as required by Rule 4(m) and ordering Plaintiff to show cause why the case should not be dismissed and why an extension of time to effect service should be granted. Order, ECF No. 11. The Order specifically required any good cause to be supported with sworn affidavits. *Id.*

Plaintiff responded that he "had a good faith belief that [his mailing of the 'Notice of a Lawsuit and Request to Waive Service of a Summons,' the 'Waiver of the Service of Summons,' and the copies of the Amended Complaint] would satisfy service requirements at least temporarily since it was contingent upon Defendants to respond accordingly." Resp., ECF No. 12. Plaintiff ultimately

requested additional time to complete "appropriate summons and marshal forms to effect further service upon Defendants." *Id.*

Magistrate Judge Deavers issued a further Order explaining to Plaintiff that "[u]nless Defendants waive service of process, Rule 4(m) of the Federal Rules of Civil Procedure requires Plaintiff to assure that Defendants are served with process within 90 days of the filing of the Amended Complaint." Order, ECF No. 13. Although the response was not accompanied by the required sworn affidavits, Magistrate Judge Deavers granted Plaintiff's request for additional time to effect service and for the USM to effect service. *Id.* She specifically warned Plaintiff that he "must submit a completed summons, a Marshal service form, and service copies of his Amended Complaint for each of the thirteen (13) named Defendants." *Id.*

The USM thereafter served by certified mail a copy of the summons and Amended Complaint to each of the thirteen Defendants using the addresses provided by Plaintiff. Notice, ECF No. 14. The Ohio Department of Rehabilitation and Correction ("ODRC") Legal Services accepted the certified mail for all thirteen Defendants but later notified the Court that it had accepted the certified mail in error as to Michael Sheets ("Sheets"), Kenny Sexton ("Sexton"), Karla Williams ("Williams"), and Michael Jackson ("Jackson"), as those individuals no longer worked for ODRC when the mail was accepted. ECF Nos. 15, 16, 22. As service on those individuals was not effected, Magistrate Judge Deavers issued a Report and Recommendation ("R&R") recommending

the Court dismiss the claims against those Defendants without prejudice for failure to serve. R&R, ECF No. 25.

Plaintiff timely objected.

Magistrate Judge Deavers issued the R&R pursuant to Federal Rule of Civil Procedure 72(b). Under that rule, the Undersigned must determine *de novo* any part of the Magistrate Judge's disposition that has been properly objected to. Fed. R. Civ. P. 72(b)(3). The Undersigned may accept, reject, or modify the R&R, receive further evidence, or return the matter to the Magistrate Judge with instructions. *Id.*

Plaintiff's objections are overruled. First, Plaintiff states that he was unaware of the show cause order, but there is no indication the show cause order was returned as undeliverable or that Plaintiff otherwise properly changed his address as it relates to receiving mail regarding this litigation.

Second, and regardless of whether Plaintiff was aware of the show cause order, Plaintiff's contention that he could not have timely responded to the order regarding Sexton is not persuasive. It is true that the summons was returned unexecuted *after* Magistrate Judge Deavers issued the show cause order. However, that did not render her show cause order improper or prevent Plaintiff from responding to the same with respect to Sexton. Even though the summons for Sexton had not been returned unexecuted at the time the show cause order was issued, neither had the summons been returned *executed* at that time; thus, it was proper for Magistrate Judge Deavers to order Plaintiff to show cause as to

why the docket did not reflect that he had successfully effected service on Sexton. Moreover, because the summons was returned unexecuted less than fourteen days later, Plaintiff could have included an explanation for his failure to serve Sexton in any timely response.

Third, Plaintiff's continued reliance on his January 25, 2018, mailing of a "Notice of a Lawsuit and Request to Waive Service of a Summons" and "Waiver of the Service of Summons" is unavailing. Magistrate Judge Deavers previously notified Plaintiff that the mailing of such documents does not constitute proper service. Order, ECF No. 13 ("[T]he docket reflects neither waiver of service nor actual service of process. Unless Defendants waive service of process, Rule 4(m) of the Federal Rules of Civil Procedure requires Plaintiff to assure that Defendants are served with process within 90 days of the filing of the Amended Complaint." (citation omitted)).

Finally, Plaintiff argues that ODRC failed to return the copies of the Amended Complaint that were mailed to it for the purpose of serving Sheets, Sexton, Williams, and Jackson such that Plaintiff will be forced to bear the costs of copying the Amended Complaint for his third attempt at service. He argues that it is reasonable to assume that if ODRC received other mail for those Defendants, it would voluntarily forward said mail to those Defendants at their proper, current addresses and would not return it to the sender. As such, Plaintiff argues, the Court should order ODRC to either forward the Amended Complaints to those Defendants or provide the addresses of those Defendants to Plaintiff.

It is Plaintiff's burden to properly serve Defendants. Fed. R. Civ. P. 4(c)(1) ("The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service."). Accordingly, Plaintiff's speculation about how ODRC would treat other mail directed toward these Defendants has no bearing on whether Plaintiff satisfied his burden under Rule 4. Likewise, Plaintiff's argument that ODRC maintains the copies of the Amended Complaint such that Plaintiff will be forced to incur additional cost should he make another attempt at effectuating service are unpersuasive as it is Plaintiff who provided the addresses to USM for service. Plaintiff did not timely effect service on Sheets, Sexton, Williams, and Jackson. Accordingly, the R&R is **ADOPTED**, and the Court **DISMISSES WITHOUT PREJUDICE** the claims against them.

IT IS SO ORDERED.

_____
**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**